*G. Durbin,* for appellant.

---

## KEIGHTLEY *v.* THE BOARD OF COMMISSIONERS OF PUTNAM COUNTY.

COUNTY COMMISSIONERS.—*County Auditor.*—*Salary in Lieu of Allowances.*— A board of county commissioners may not by its order, made with the assent of the county auditor and upon his agreement with the board, allow him an annual salary, payable quarterly out of the county treasury, in lieu of the specific allowances which the board is authorized to make him for his services; and the fact that such an agreement and order had been made and acted upon during the continuance of an auditor in office, and that final settlement and payment had been made under such order and agreement at the expiration of his term of office, it was *held*, constituted no defence to a suit by the auditor against the board, to recover for his services, though the amount paid him under the order might be set off against his claim.

APPEAL from the Putnam Common Pleas.

DOWNEY, J.—This action was brought by the appellant against the appellee, and there was judgment for the defendant. The errors assigned in this court are the overruling of the plaintiff's demurrers to the fourth, fifth, and sixth paragraphs of the answer of the defendant, and the sustaining of the demurrers of the defendant to the third

and fourth paragraphs of the plaintiff's reply to the fifth and sixth paragraphs of the answer. The plaintiff was elected auditor of Putnam county in 1863, and he alleges that he then entered upon the discharge of the duties of his office. for the term of four years then next following, and that during said time he rendered services and was entitled to receive pay for such services, according to law, in the amount of twenty-five thousand dollars, a bill of particulars of which is filed with the complaint, which amount he alleges is due and remains unpaid.

The defendants pleaded: 1. A general denial. 2. Payment. 3. Set-off. 4. That the plaintiff is justly indebted to the defendant for money had and received of the defendant, at the hands of the treasurer of said county of Putnam, for the use of the defendant, in the sum of twenty-seven thousand dollars, as per bill of particulars hereto attached, which sum the defendant offers to set off against so much as may be found due the plaintiff on his said demand, and asks judgment for the residue, to wit, *twenty-seven thousand dollars.* 5. That the defendant, on the 15th day of March, 1864, allowed and paid to the plaintiff nine hundred and forty-six dollars and fifty-nine cents, in full for his services to that date; that the plaintiff then proposed to the defendant that for all services, as such auditor, to be rendered subsequent to that date, he would receive, in gross, the sum of twenty-seven hundred and fifty dollars per year, in full of all charges that might be made by him against Putnam county for such services, he receiving and enjoying all fees properly taxable against individuals, all regular expenses of the office to be paid by said county, and he not being required to present at each regular session of the board an account of his services; that the defendant accepted his offer, and they directed and he entered an order in acceptance thereof, a copy of which order is made part of the answer; that the plaintiff up to the close of his term of office acted under said agreement,.

and for each full quarter accepted his quarterly allowance for said services under said contract, of six hundred and eighty-seven dollars and fifty cents, which was paid to him by the treasurer of said county, and for the fractional quarter ending at the date of his resignation as such auditor, on the 20th day of October, 1866, he was allowed and paid three hundred and eighty-two dollars, which was a full and final compensation under said agreement; that all the regular expenses of said office during said time were paid by the county, and the defendant had and received for his own use and profit all the fees of said office taxable to and due from individuals; all of which were had and accepted by the plaintiff in full satisfaction of all claims against the defendant for his services as such auditor, and the said contract was executed, satisfied, and discharged by both parties long before the commencement of this action.  6. The sixth paragraph is in substance the same as the fifth.  The order made by the board as evidence of the agreement mentioned in the fifth and sixth paragraphs of the answer, a copy of which is filed with those paragraphs, is as follows: " Comes now Elijah T. Keightley, auditor, and the board of commissioners, after advisement, do agree that the said E. T. Keightley, as auditor, is to receive for his services, as such auditor, the sum of twenty-seven hundred and fifty dollars per year, in full of all charges that may be made by him against the county, for such services.  The said auditor is to receive extra all fees that are due from individuals.  The said auditor is to do all legitimate work of said office.  The regular expenses of the office to be paid by the county."

Counsel for the appellant argue the insufficiency of the third paragraph of the answer.  But that paragraph was held bad on demurrer in the common pleas, and upon that action of the court no error is assigned by either party.

It is urged that the fourth paragraph of the answer is bad, for the reason that no " sufficient" bill of particulars was filed under it.  It is not disputed but that a bill of particulars was filed.  The point is that it is not sufficient.  Perhaps

where a bill of particulars has been filed, and the question is as to its sufficiency, the question ought to be made in the court below by a motion for a further bill of particulars, as authorized by sec. 79, 2 G. & H. 105. But however this may be, the bill of particulars in this case under the fourth paragraph was sufficient. It was headed, "Dates and amounts of money had and received of the board of commissioners of Putnam county, by Elijah T. Keightley," and then followed the several amounts, with the year and month on the left, opposite each item.

The question on which the fifth and sixth paragraphs of the answer depend is the same, and that is, can the commissioners, by an order of the board, made with the assent and upon the agreement of the county auditor, allow him an annual salary, payable quarterly out of the county treasary, in lieu of the specific allowances which the board is authorized to make him for services rendered by him? If the board can legally do this, then the paragraphs of the answer in question are a good bar to the action. On the contrary, if the board can not legally make such allowance, the paragraphs were no defence to the action, and the demurrers to them should have been sustained.

In our opinion, the board of commissioners had no legal power to make such allowance. If the board can fix such allowance and pay the same, the amount which they shall fix and pay must necessarily rest in their discretion, and there would seem to be no limit to the amount which they might allow. We think they have not been intrusted with any such power. No statute giving them this power has been brought to our notice by counsel, and we know of none. On the contrary, the fee law in force at the time fixes specific amounts which shall be allowed to the auditor for his services, and by this standard, we think, must his compensation for services be measured. 1 G. & H. 333. The fact that the amount agreed upon had been paid can make no difference, when the agreement under which it was paid is invalid. A party can not set up and succeed upon an invalid contract or

agreement as a defence, any more than he can use it successfully as a foundation for an action. What has been paid will be a proper set-off against the services rendered, as we suppose, and if equal in amount to the claim of the appellant, may defeat his action entirely. We hold that the fifth and sixth paragraphs of the answer are both defective, and that the demurrers to them should have been sustained.

The question as to the paragraphs of the reply need not be decided.

The judgment is reversed, with costs, and the cause remanded, with instructions to sustain the demurrers to the fifth and sixth paragraphs of the answer, etc.

*D. E. Williamson, A. Daggy, J. E. McDonald, A. L. Roache, J. M. Butler,* and *E. M. McDonald,* for appellant.

*S. Turman,* for appellee.